IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYLEN JASON HUGHES,<br><br>   Petitioner,<br><br> vs.<br><br>DERRAL ADAMS, Warden,<br><br>   Respondent. | No. C 07-4442 CRB (PR)<br><br>ORDER TO SHOW CAUSE<br><br>(Docs # 2, 5 & 6) |

Petitioner, a state prisoner incarcerated at California State Prison, Corcoran, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from the Superior Court of the State of California in and for the County of Santa Clara. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner entered a negotiated plea of no contest to six sexual offenses and admitted an allegation of a prior strike conviction with the understanding that he would serve no more than 11 years and four months in state prison. On

1 January 22, 2004, the trial court denied his motion to dismiss the prior strike
2 conviction allegation, sentenced him to 11 years and four months in state prison,
3 and imposed a $10,000 restitution fine.
4     Petitioner unsuccessfully appealed his conviction and sentence to the
5 California Court of Appeal and the Supreme Court of California, which on March
6 16, 2005 denied review. He also unsuccessfully sought collateral relief from the
7 state courts. On May 23, 2007, the Supreme Court of California denied his final
8 petition for state habeas relief.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

### B. Claims

Petitioner seeks federal habeas corpus relief on the grounds that he received ineffective assistance of counsel, was not given Miranda warnings after arrest and was not allowed to withdraw his plea of no contest.

It is well-established that a defendant who pleads guilty or no contest cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty or no contest. See Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); Tollett v.

2

1  Henderson, 411 U.S. 258, 266-67 (1973) (same). The only challenges left open
2  in federal habeas corpus after a plea of guilty or no contest are the voluntary and
3  intelligent character of the plea and the nature of the advice of counsel to plead.
4  See Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett, 411 U.S. at 267.
5  Petitioner's Miranda claim must be DISMISSED as a pre-plea violation not
6  cognizable in federal habeas; liberally construed, however, the other two claims
7  appear colorable under § 2254 and merit an answer from respondent. See Zichko
8  v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro
9  se petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (docs # 2, 5 & 6) is GRANTED.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt

3

| | |
|---|---|
| 1 | of the answer. |
| 2 | 4. Respondent may file a motion to dismiss on procedural grounds in |
| 3 | lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the |
| 4 | Rules Governing Section 2254 Cases.  If respondent files such a motion, |
| 5 | petitioner shall file with the court and serve on respondent an opposition or |
| 6 | statement of non-opposition within 30 days of receipt of the motion, and |
| 7 | respondent shall file with the court and serve on petitioner a reply within 15 days |
| 8 | of receipt of any opposition. |
| 9 | 5. Petitioner is reminded that all communications with the court must |
| 10 | be served on respondent by mailing a true copy of the document to respondent's |
| 11 | counsel.  Petitioner must also keep the court and all parties informed of any |
| 12 | change of address. |
| 13 | SO ORDERED. |
| 14 | DATED:  Jan. 09, 2008 |
| 15 | CHARLES R. BREYER<br>United States District Judge |

G:\PRO-SE\CRB\HC.07\Hughes, D2.or1.wpd    4