1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GERALD A. ENGLER
Senior Assistant Attorney General
4 | PEGGY S. RUFFRA
Supervising Deputy Attorney General
5 | JILL M. THAYER, State Bar No. 166428
Deputy Attorney General
6 |   455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
7 |   Telephone:  (415) 703-5954
  Fax:  (415) 703-1234
8 |   Email: Jill.Thayer@doj.ca.gov

9 | Attorneys for Respondent

10

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 | SAN FRANCISCO DIVISION

14

| | |
|---|---|
| **DAYLEN JASON HUGHES,** | C 07-4442 CRB (PR) |
| Petitioner, | **MOTION TO DISMISS HABEAS PETITION AS BARRED BY THE STATUTE OF LIMITATIONS** |
| v. | |
| **DERRAL ADAMS, Warden,** | |
| Respondent. | |

20 | Respondent hereby moves to dismiss the petition for writ of habeas corpus on the

21 | ground that it is untimely under 28 U.S.C. § 2244(d), the statute of limitations established by the

22 | Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Respondent has not noticed

23 | this motion for hearing as petitioner is in custody and is not represented by counsel.

24 | By order of January 9, 2008, this Court gave respondent the option of filing a motion to

25 | dismiss on procedural grounds in lieu of an answer.  Or. at 4.  A motion to dismiss is proper

26 | where the petition is procedurally defective.  *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir.

27 | 1989);  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990);  Rules Governing 28 U.S.C. §

28 | 2254 Cases, Rule 4 and Advisory Committee Notes.

**PROCEDURAL BACKGROUND**

After petitioner pled no contest to six sexual offenses and admitted a prior strike conviction allegation, the trial court sentenced petitioner to 11 years and four months in compliance with the terms of petitioner's negotiated plea. Cal. Pen. Code, §§ 261.5(d), 288(c), 288a(b)(2), 289(i), 667(b)-(i) & 1170.12; ex. 1.

On December 30, 2004, the California Court of Appeal affirmed the judgment in an unpublished opinion. Ex. 1. The California Supreme Court denied petitioner's petition for review on March 16, 2005. Ex. 2.

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on September 29, 2006, which was denied on May 23, 2007. Ex. 3.

Petitioner filed a federal habeas petition on January 18, 2007, which was dismissed on January 24, 2007. Ex. 4.

The present federal habeas petition was filed on August 28, 2007.

**ARGUMENT**

**THE FEDERAL HABEAS PETITION IS UNTIMELY**

The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d). The year commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner may file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner does not seek a writ of certiorari from the United States Supreme Court, the statute of limitations period commences on the date the 90-day period defined by Supreme Court Rule 13 expires. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

The California Supreme Court denied review of petitioner's direct appeal on March 16, 2005. Accordingly, petitioner's conviction became final on June 14, 2005, when the period in which to petition for certiorari expired. Petitioner therefore had until June 14, 2006 to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243 (9th Cir. 2001). Petitioner did not file this

1    federal petition until August 28, 2007, more than a year after the limitations period expired.

2       The AEDPA allows for tolling during the pendency of a "properly filed application for

3    State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28

4    U.S.C. § 2244(d)(2).  The statute is not tolled, however, for state court petitions filed after the

5    AEDPA deadline has already expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)

6    ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the

7    state petition was filed").  Here, petitioner did not file his first state habeas petition until September

8    29, 2006, over three months after the AEDPA deadline expired.  Consequently, petitioner's state

9    habeas filing did not act to toll the AEDPA deadline.  His January 2007 federal petition also did not

10   toll the statute. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001).

11       Petitioner's current federal petition is therefore untimely under section 2244(d)(1)(A), and

12   must be dismissed with prejudice.

13   ///

14   ///

15   ///

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CONCLUSION

2        Since the instant petition was not filed within one year of the date of final judgment, we

3 respectfully request that the Court dismiss the petition for writ of habeas corpus with prejudice.

4

5       Dated: March 6, 2008

6                    Respectfully submitted,

7                    EDMUND G. BROWN JR.
                    Attorney General of the State of California

8                    DANE R. GILLETTE
                    Chief Assistant Attorney General

9                    GERALD A. ENGLER
                    Senior Assistant Attorney General

10                  PEGGY S. RUFFRA

11                  Supervising Deputy Attorney General

12

13                  /s/ Jill M. Thayer
                   JILL M. THAYER

14                  Deputy Attorney General
                   Attorneys for Respondent

15

16 40223742.wpd
    SF2008400097

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

**COPY**

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

DOCKETED
SAN FRANCISCO
DEC 3 1 2004

| | |
|---|---|
| THE PEOPLE, | H027223 |
| Plaintiff and Respondent, | (Santa Clara County By ___ J. EMELO |
| v. | Super. Ct. No. BB256330) 2004DA0582 |
| DAYLEN JASON HUGHES, | |
| Defendant and Appellant. | |

**FILED**

DEC 3 0 2004

Court of Appeal - Sixth App. Dist.

By_____
DEPUTY

Defendant entered a negotiated plea of no contest to six sexual offenses and admitted an allegation of a prior strike conviction with the understanding that he would serve no more than 11 years and four months in state prison.  (Pen. Code, §§ 288, subd. (c); 289, subd. (i), 261.5, subd. (d), 288a, subd. (b)(2), 667, subds. (b) through (i), 1170.12.)  The trial court denied his motion to dismiss the prior strike conviction allegation, sentenced him to 11 years and four months in state prison, and imposed a $10,000 restitution fine.  He contends the trial court violated the terms of his plea agreement in imposing the restitution fine and that his sentence violated his jury trial right as explained in *Blakely v. Washington* (2004) 542 U.S. ---- [124 S.Ct. 2531].  We affirm.

### Background

Defendant, who is in his mid-twenties, had a sexual relationship for two months with a 14-year-old girl he met at Great America. He has a prior strike conviction for a lewd act with a minor under the age of 14. At the time defendant entered his negotiated plea, defense counsel stated that defendant would plead no contest to all the charges and that "[h]e understands that the Court is making a Court offer of no more than 11 years, 4 months. The Court, upon future motions and argument, might reduce the amount of time, but it will be no more than that." The prosecutor had no objection to the court's offer, noting, "The maximum exposure is 15 years, 4 months. The 11/4 is the minimum as the case is currently charged." The court asked defendant if he understood the plea agreement and he said that he did. The court told defendant that he "may be ordered to pay a discretionary general fine of up to $10,000 . . . [a]lso, a restitution fine of not less that $200 and no more than $10,000 will be imposed . . . ." Defendant said that he understood. Defendant then entered his no contest pleas. The trial court did not advise defendant pursuant to Penal Code section 1192.5 that defendant would be allowed to withdraw his plea if the court could not honor the plea agreement.

The trial court denied defendant's motion to dismiss the prior strike conviction allegation and denied defendant's motion to withdraw his plea.[1] The court sentenced defendant to 11 years and four months in state prison, arriving at this figure by imposing the upper term of eight years for count 3, unlawful sexual intercourse, a consecutive

---

[1]    Defense counsel told the court, "Mr. Hughes is desiring to go forward with the trial and to be allowed to withdraw his plea. . . . In terms of specifically the reasons with regards to defects in the plea itself, I can find none to make a motion on . . . those grounds." The prosecutor objected to the motion to withdraw the plea, stating, "Mr. Hughes gambled at running his Romero motion and having unfavorable information come out in that time delay. And that's exactly what happened here. We found out that he was writing the victim letters. . . . And he's also committed a new criminal offense, which the People have held off on filing on depending upon the outcome of these proceedings."

2

subordinate term of 16 months for count 1 and a consecutive subordinate term of two years for count 6. The court imposed concurrent terms for counts 2, 4 and 5. The court said, "The Court has chosen to impose the aggravated term for the following reasons: And that is because the Defendant engaged in violent conduct, based upon the defendant's prior convictions, and also the fact that the Defendant was on probation or parole when these crimes were committed, and the fact that the Defendant's prior performance on probation or parole was unsatisfactory."

The trial court also imposed a restitution fine of $10,000 pursuant to Penal Code section 1202.4 and various other fines. The prosecutor asked the court for a victim restitution order of $874 to reimburse the victim's mother. Defense counsel stipulated to that amount and then asked the court "to impose a $200 restitution fine as opposed to the $10,000" adding "the Court does have discretion to go lower than the $10,000 fine." The court denied defense counsel's request.

### Restitution Fine

Defendant contends, "The trial court violated the terms of appellant's plea agreement by imposing a $10,000 restitution fine." Defendant relies on *People v. Walker* (1991) 54 Cal.3d 1013. We requested and received from the parties supplemental briefing on this issue in light of *People v. Dickerson* (2004) 122 Cal.App.4th 1374, rehearing denied Nov. 2, 2004, review filed Nov. 16, 2004.

Penal Code section 1202.4 mandates judicial imposition of both a restitution fund fine (subd. (a)(3)(A)) and restitution to the crime victim (subd. (a)(3)(B)) whenever a person is convicted of a crime. The trial court shall impose the restitution fine "unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record." (Subds. (b), (c).) In the absence of extraordinary reasons, a minimum fine of $200 is mandatory after a felony conviction (subds. (b)(1), (c), (d)) "even in the absence

of a crime victim." (*People v. Hanson* (2000) 23 Cal.4th 355, 362.)[2]  The sentencing court has discretion to impose a fine of up to $10,000 in light of all relevant factors. "Express findings by the court as to the factors bearing on the amount of the fine shall not be required.  A separate hearing for the fine shall not be required." (Subd. (d).)

In *Walker, supra,* 54 Cal.3d 1013, the California Supreme Court resolved a conflict "over the proper means of remedying the erroneous imposition of a restitution fine." (*Id.* at p. 1018.)  In that case the defendant agreed to a plea bargain whereby one of two felony charges would be dropped and he would receive a five-year prison sentence. (*Id.* at pp. 1018-1019.)  The trial court advised the defendant that the maximum legal penalties were seven years in prison and a fine of up to $10,000. (*Id.* at p. 1019.)  The trial court was apparently referring to the discretionary $10,000 penal fine generally available under Penal Code section 672[3] after any felony conviction for which no other fine was prescribed. (*Walker, supra,* at p. 1019.)  The sentencing court in *Walker* did not advise the defendant of the mandatory restitution fine of at least $100 and no more than $10,000. (*Ibid.*)  Immediately after the guilty plea, the court sentenced the defendant to five years in prison.  A probation report prepared before the plea recommended a $7,000 restitution fine.  The court imposed a $5,000 restitution fine without objection by the defendant. (*Ibid.*)

---

[2]    We note that the California Supreme Court has repeatedly described the minimum restitution fine as mandatory. (*People v. Hanson, supra,* 23 Cal.4th at p. 362; *People v. Walker, supra,* 54 Cal.3d 1013, 1027 (*Walker*).)  However, presumably because the fine need not be imposed in extraordinary cases and the amount is discretionary, the court has also characterized the fine as a "discretionary sentencing choice" for purposes of the waiver doctrine. (*People v. Tillman* (2000) 22 Cal.4th 300, 303; *People v. Smith* (2001) 24 Cal.4th 849, 853.)

[3]    Penal Code section 672 states: "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed."

The California Supreme Court explained that two "related but distinct legal principles" were involved. (*Walker, supra,* 54 Cal.3d at p. 1020.) One was "'a judicially declared rule of criminal procedure'" (*id.* at p. 1022) that, before entering a guilty plea, a defendant be judicially advised "of the direct consequences of the plea." (*Id.* at p. 1020.) The court concluded that "[a] possible $10,000 restitution fine constitutes such a direct consequence. Thus, before taking any guilty plea a trial court should advise the defendant of the minimum $100 and maximum $10,000 restitution fine." (*Id.* at p. 1022.) The court further concluded that such an error may be forfeited[4] by the lack of a timely objection. "[W]hen the only error is a failure to advise of the consequences of the plea, the error is waived if not raised at or before sentencing." (*Id.* at p. 1023.) The court found that this error was waived. (*Id.* at p. 1029.)

The other legal principle was that "the parties must adhere to the terms of a plea bargain." (*Walker, supra,* 54 Cal.3d at p. 1020.) "The punishment may not significantly exceed that which the parties agreed upon." (*Id.* at p. 1024; cf. Pen. Code, § 1192.5.)[5] The court concluded that a restitution fine "qualifies as punishment for this purpose. Accordingly, the restitution fine should generally be considered in plea negotiations." (*Walker, supra,* at p. 1024.)

---

[4]      *Walker* talked in terms of waiver, but "forfeiture" is technically more correct. *People v. Simon* (2001) 25 Cal.4th 1082 explained at page 1097, footnote 9: "In this context, as in others, the terms 'waiver' and 'forfeiture' long have been used interchangeably. As the United States Supreme Court has explained, however, '[w]aiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right." [Citations.]' (*United States v. Olano* (1993) 507 U.S. 725, 733 . . . .)"

[5]      Penal Code section 1192.5 states in paragraph two: "Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea."

Regarding when a defendant might forfeit a contention that the punishment exceeded the bargain, the court held that, if a defendant was given a section 1192.5 admonition[6] "and the defendant does not ask to withdraw the plea or otherwise object to the sentence, he has waived the right to complain of the sentence later." (*Walker, supra,* 54 Cal.3d at p. 1026.) On the other hand, "[a]bsent compliance with the section 1192.5 procedure, the defendant's constitutional right to the benefit of his bargain is not waived by a mere failure to object at sentencing." (*Id.* at p. 1025.) *Walker* concluded that since the defendant in that case had not received a section 1192.5 advisement, he was able to assert on appeal that "the $5,000 restitution fine was a significant deviation from the negotiated terms of the plea bargain." (*Walker, supra,* at p. 1029.)[7] The remedy for this violation was to reduce the restitution fine to the mandatory minimum, then $100, rather than remanding the case for a redetermination of the fine. (*Id.* at pp. 1028-1030.)

Later cases clarify the application of *Walker*. In deciding whether the punishment exceeds the bargain, a court must first establish the terms of the bargain. In companion cases, the California Supreme Court explained: "In *Walker*, the offense to which the defendant had agreed to plead guilty carried a potential seven-year sentence and a $10,000 punitive fine, but under the negotiated plea agreement the defendant was to receive a five-year term of imprisonment and no punitive fine. At the subsequent sentencing hearing, the trial court imposed the agreed-upon five-year sentence but also a

---

[6]    Paragraph three of Penal Code section 1192.5 requires a court to advise a defendant "prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in that case, the defendant shall be permitted to withdraw his or her plea if he or she desires to do so."

[7]    *Walker* does contemplate that insignificant deviations from the plea agreement do not violate it. (*Walker, supra,* 54 Cal.3d at p. 1024.) The opinion warned, however, that, "Courts should generally be cautious about deeming nonbargained for punishment to be insignificant." (*Id.* at p. 1027, fn. 3.)

substantial ($5,000) restitution fine.  [¶]  In concluding that the imposition of such a substantial fine constituted a violation of the plea agreement in *Walker*, we implicitly found that the defendant in that case reasonably could have understood the negotiated plea agreement to signify that no substantial fine would be imposed." (*In re Moser* (1993) 6 Cal.4th 342, 356 (*Moser*); *People v. McClellan* (1993) 6 Cal.4th 367, 379-380 (*McClellan*).)

In *Moser*, the court concluded that the parole term was not a subject of the plea agreement.  "Based solely upon the record of the plea proceedings, it would appear that the indicated length of the parole term was not a part of the plea agreement, but simply constituted a misadvisement by the trial court.  As set forth above, prior to accepting petitioner's plea of guilty, the trial court recited on the record the terms of the parties' plea agreement, noting that petitioner had agreed to plead guilty to the lesser charge of second degree murder in exchange for the People's agreement to forego a trial on the first degree murder charge and to dismiss the firearm-use allegation.  The trial court inquired of petitioner whether the court's statement was an accurate recitation of the plea agreement, and he responded affirmatively.  Nothing in the record indicates that the length of the parole term, improperly described by the trial court, was an element of the parties' plea negotiations and resulting agreement so as to render imposition of the lifetime period of parole mandated by statute a violation of the plea agreement." (*Moser, supra*, 6 Cal.4th at p. 356.)  The court noted that lifetime parole is mandatory for those convicted of second degree murder and accordingly would not be subject to negotiation.  "[I]f (as appears from the record) the subject of parole was not encompassed by the parties' plea negotiations, imposition of the statutorily mandated term of parole would not constitute a violation of the parties' plea agreement." (*Id.* at p. 357.)  The court remanded the case for further proceedings on the question "whether the length of petitioner's term of parole was an element of the plea negotiations." (*Id.* at p. 358.)

In *McClellan*, the court noted that "[t]he statutory requirement of sex offender registration was not mentioned by the parties or by the court" when the trial court recited the plea agreement. (*McClellan, supra*, 6 Cal.4th at p. 379.) Further, the defendant did not argue that registration was a subject of the plea negotiations. (*Ibid.*) Registration is mandatory and "not a permissible subject of plea agreement negotiation." (*Id.* at p. 380.) "Because the registration requirement is statutorily mandated for every person convicted of assault with intent to commit rape, that requirement was an inherent incident of defendant's decision to plead guilty to that offense and was not added 'after' the plea agreement was reached." (*Ibid.*) It is not a violation of a plea agreement if "a statutorily mandated consequence of a guilty plea is not embodied specifically within the terms of a plea agreement." (*Id.* at p. 381.)

*Walker* held that "[t]he court should always admonish the defendant of the statutory minimum $100 and maximum $10,000 restitution fine as one of the consequences of *any* guilty plea, and should give the section 1192.5 admonition whenever required by that statute." (*Walker, supra*, 54 Cal.3d 1013, 1030.) *Walker* recommended that "[c]ourts and the parties should take care to consider restitution fines during the plea negotiations." (*Ibid.*) The court "implicitly found that the defendant *in that case* reasonably could have understood the negotiated plea agreement to signify that no substantial fine would be imposed." (*In re Moser, supra*, 6 Cal.4th at p. 356, italics added; *McClellan, supra*, 6 Cal.4th at pp. 379-380.)

But *Walker* should not be understood as finding that the restitution fine has been and will be the subject of plea negotiations in every criminal case. "The parties to a plea agreement are free to make any lawful bargain they choose . . . ." (*People v. Buttram* (2003) 30 Cal.4th 773, 785.) *Walker* does not prohibit criminal defendants from striking whatever bargains appear to be in their best interests, including leaving the imposition of fines to the discretion of the sentencing court.

The First District Court of Appeal (Div. Five) recognized this limitation in *People v. DeFilippis* (1992) 9 Cal.App.4th 1876, where the court held "that if a plea bargain does not specify punishment and the defendant is not advised of an obligatory restitution fine, the imposition of a restitution fine above the statutory minimum violates only the right to be advised as to the direct consequences of the plea, not the plea bargain itself, and thus the error is waived if not raised at or before sentencing." (*Id.* at p. 1878.) In that case the defendant entered a plea bargain that "did not specify any punishment." (*Ibid.*) On appeal he complained about the trial court's imposition of a restitution fine of $5,000. The appellate court concluded, "Absent any agreement as to punishment, the imposition of the restitution fine did not violate the plea bargain" and the waiver rule applied. (*Id.* at p. 1879.)

Here, the court did not recite that there was any express agreement that either no restitution fine would be imposed, the minimum fine would be imposed, or a fine pursuant to the statutory formula would be imposed. In our view, this simply shows that the parties left unresolved the imposition or amount of any fine. "[I]t would appear that [this topic] was not a part of the plea agreement." (*Moser, supra,* 6 Cal.4th 342, 356.) Indeed, when asked by the court, defendant denied that any promises had been made other than limiting the prison term. The court's omission of a term cannot transform it "into a term of the parties' plea agreement." (*McClellan, supra,* 6 Cal.4th 367, 379; italics omitted; cf. *People v. Lopez* (1998) 66 Cal.App.4th 615, 636 [no evidence that omission of standard gang probation condition was part of the plea bargain].) This omission does not imply that there was an agreement on no fine or on a minimum fine. Instead, this omission is among the circumstances suggesting to us that defendant in this case implicitly agreed to leave the imposition and amount of restitution fines to the sentencing court's discretion.

We find further confirmation in the fact that defendant acknowledged before entering his pleas that he "may be ordered to pay a discretionary general fine of up to

$10,000 . . . [a]lso, a restitution fine of not less that $200 and not more than $10,000 will be imposed . . . ." If the minimum fine was a term of his plea bargain, presumably defendant or his attorney would have questioned this judicial advice.

The probation report also notified defendant that he was facing a restitution fine of $10,000 under the formula recommended in section 1202.4 and a like amount under section 1202.45. (*People v. Phillips* (1994) 25 Cal.App.4th 62, 74-75 [probation report notified the defendant that reimbursement of attorney fees was sought].) If these substantial restitution fines violated defendant's plea bargain, defendant or his attorney could be expected to have so objected at sentencing. (*Id.* at p. 75.) Instead, at sentencing, defense counsel acknowledged that the imposition of the fine was within the court's discretion. This supports our conclusion that the amount of the mandatory fine would be left to the court to decide and its imposition was not a violation of the plea agreement.

The circumstances indicate that defendant's concern in entering a plea agreement was to limit his time in prison. *Walker* did not require defendant and the court to negotiate—whether to resolution or impasse—regarding the imposition or amount of restitution fines. It appears that defendant here implicitly agreed, and defense counsel expressly acknowledged at the time of sentencing, that additional punishment in the form of statutory fines and fees would be left to the discretion of the sentencing court. Accordingly, we conclude that defendant has not established that the sentencing court's imposition of restitution fines pursuant to the statutory formula violated his plea agreement.

**Sentencing**

The trial court sentenced defendant to the agreed-upon maximum prison term of 11 years and four months. The trial court reached this term by imposing an upper term of eight years for count 3, unlawful intercourse (Pen. Code, § 261.5, subd.(d)) and consecutive subordinate terms of 16 months for count 1 (Pen. Code, § 288, subd. (c)(1))

10

and two years for count 6 (Pen. Code § 261.5, subd. (d)). The court imposed concurrent terms for counts 2, 4 and 5. The court explained, "The Court has chosen to impose the aggravated term for the following reasons:  And that is because the Defendant engaged in violent conduct, based upon the Defendant's prior convictions, and also the fact that the Defendant was on probation or parole when these crimes were committed, and the fact that the Defendant's prior performance on probation or parole was unsatisfactory."

Defendant contends, "When the court imposed an aggravated sentence on the base term offense, and consecutive sentences on two subordinate term offenses, on the basis of facts it found which went beyond the elements of the crime to which appellant pled, it violated his constitutional right to a jury trial as explained in *Blakely v. Washington*."[8]

In *Blakely*, the high court applied its earlier decision in *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*).  (*Blakely, supra,* 542 U.S. at p. ---- [124 S.Ct. at p. 2536].)  The basic holding of *Blakely* and *Apprendi* is that punishment cannot exceed that to which the defendant is exposed by virtue of the jury's factual findings.  In other words, those facts fix the maximum punishment that the court can impose.  As a general rule, then, the sentence may not exceed the "prescribed statutory maximum" based on facts that have not been "submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi, supra,* 530 U.S. at p. 490; *Blakely, supra,* 542 U.S. at p. ---- [124 S.Ct. at p. 2536].)

There are two exceptions to this rule.  First, the trial court may find "the fact of a prior conviction" without a jury, and that fact may furnish the basis for increased punishment.  (*Apprendi, supra,* 530 U.S. at pp. 466-467.)  Second, the court may consider

---

[8]    We reject respondent's contention that defendant has failed to preserve an objection under *Blakely*, because he raised no similar objection in the trial court.  We have rejected similar contentions in several recent cases.  (See *People v. Ackerman* (Nov. 18, 2004, H026899) --- Cal.App.4th ---- [2004 CDOS 10289]; *People v. Jaffe* (2004) 122 Cal.App.4th 1559.)  We see no reason to depart from those holdings here.

facts "admitted by the defendant" in determining the maximum punishment. (*Blakely,*
*supra,* 542 U.S. at p. ---- [124 S.Ct. at p. 2537].)

The trial court imposed the upper term on count 3 based in part on its finding that
defendant had a prior strike conviction. Defendant admitted at the time of his plea that he
had "suffered a conviction for a felony offense, specifically, the crime of lewd and
lascivious acts with a minor under the age of 14, in violation of Penal Code Section
288(a). . . and that offense includes all of the elements of a violent or serious felony as
defined in Penal Code Sections 667.5(c) and 1192.7(c)." "Under California law, once a
jury finds or the defendant admits the existence of a single aggravating factor, the
maximum sentence a judge *may* impose is the upper term. [Citations.] We recognize
that the ultimate sentence may[, as here,] represent a weighing and balancing of a variety
of aggravating and mitigating factors. . . . However, *Blakely's* calculus requires
ascertaining the potential statutory maximum available according to the jury's findings
and the defendant's admissions. As footnote 19 of *Apprendi* explained, there is no
problem with the sentencing judge considering additional facts not found by the jury so
long as the resulting sentence is within the range established by the jury's findings and the
defendant's admissions. [Citation.] A sentence within this maximum allowed under the
verdict and the facts admitted by defendant does not violate *Blakely.* [Citations.]"
(*People v. Jaffe, supra,* 122 Cal.App.4th at p. 1587.)

Defendant admitted the fact that he has a prior conviction. Since the upper term
was the statutory maximum for *Blakely* purposes based on facts admitted by defendant,
defendant cannot complain about the sentencing court relying on other facts as additional
justification for imposition of the upper term. We conclude that there was no *Blakely*
error under these circumstances, where the upper term imposed on defendant was within
the statutory maximum under California law based on facts found by the jury and the
additional facts admitted by defendant. (See *People v. Jaffe, supra,* 122 Cal.App.4th
1559.)

The question of *Blakely's* effect on the trial court's authority to impose consecutive sentences is now pending before the California Supreme Court. (*People v. Black* (S126182), review granted July 28, 2004.) This court recently had occasion to consider that question in *People v. Jaffe, supra,* 122 Cal.App.4th at pp. 1588-1589. In *Jaffe,* we noted, "neither *Apprendi* nor *Blakely* indicates what the statutory maximum is for two or more offenses. Indeed, *Apprendi* stated that the possibility of that defendant receiving consecutive sentences was irrelevant to determining whether the enhanced sentence on one count was constitutional." (*People v. Jaffe, supra,* 122 Cal.App.4th at p. 1588, citing *Apprendi, supra,* 530 U.S. at p. 474.)

"The usual statutory maximum penalty for two offenses is the principal term on one plus a subordinate, consecutive sentence of one-third the midterm for the other offense. (§ 1170.1, subd. (a).)" (*Id.* at p. 1589.) Neither *Blakely* nor *Apprendi* purports to create a jury trial right to the determination as to whether to impose consecutive sentences. Both *Blakely* and *Apprendi* involved convictions for a single count. The imposition of consecutive sentences was not at issue in *Blakely* and there is no indication that *Blakely* was intended to apply to consecutive sentences. (*Blakely, supra,* 542 U.S. at p. ---- [124 S.Ct. at pp. 2534-2536]; *Apprendi, supra,* 530 U.S. at pp. 476-483, 489, fn. 15, 490.) At the time of defendant's plea, defense counsel agreed that the "maximum exposure is 15 years, 4 months. The 11/4 is the minimum as the case is currently charged." Defendant's actual sentence was the agreed-upon 11 years and four months. We perceived no *Apprendi* problem in imposing the consecutive sentences here based on facts not found by a jury so long as the total sentence is within this statutory maximum for the crimes for which defendant was convicted by virtue of his no contest plea.

### Disposition

The judgment is affirmed.

13

_____

ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

PREMO, J.

*People v. Hughes*

H027223

14

# EXHIBIT 2

McCarroll, R

Court of Appeal, Sixth Appellate District - No. H027223
S131327

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

THE PEOPLE, Plaintiff and Respondent,

v.

DAYLEN JASON HUGHES, Defendant and Appellant.

Petition for review denied without prejudice to any relief to which defendant might be entitled after this court determines in *People v. Black,* S126182, and *People v. Towne,* S125677, the effect of *Blakely v. Washington* (2004) __ U.S.__ 124 S.Ct. 2531, on California law.

SUPREME COURT
**FILED**

MAR 1 6 2005

Frederick K. Ohlrich Clerk

DEPUTY

Brown, J., was absent and did not participate.

DOCKETED
SAN FRANCISCO

MAR 1 8 2005

By E. TOLENTINO
No. SF2004 PA 0582

GEORGE,

Chief Justice

# EXHIBIT 3

# CALIFORNIA APPELLATE COURTS
## Case Information

Supreme
Court

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C

home

## Supreme Court

Change court ▼

Court data last updated: 02/28/2008 02:53 PM

**Case Summary**  **Docket**  **Briefs**
**Disposition**  **Parties and Attorneys**  **Lower Court**

## Docket (Register of Actions)

**HUGHES (DAYLEN) ON H.C.**
**Case Number S146963**

| Date | Description | Notes |
|------|-------------|-------|
| 09/29/2006 | Petition for writ of habeas corpus filed | Daylen Hughes, petitioner in pro per |
| 01/19/2007 | Letter sent to: | petitioner re query |
| 04/11/2007 | Received: | Amended petition (original) |
| 05/23/2007 | Petition for writ of habeas corpus denied | |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

**EXHIBIT 4**

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:07-cv-00349-CRB

Hughes v. Adams                      Date Filed: 01/18/2007
Assigned to: Hon. Charles R. Breyer       Date Terminated: 01/24/2007
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)    Jury Demand: None
                                     Nature of Suit: 530 Habeas Corpus
                                     (General)
                                     Jurisdiction: Federal Question

## Petitioner

**Daylen Jason Hughes**        represented by   **Daylen Jason Hughes**
                                            V22456
                                            3CO5 cell #103up
                                            P.O. Box 8800
                                            Corcoran, CA 93212
                                            PRO SE

V.

## Respondent

**Adams**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/03/2007 | 4 | Letter dated 12/28/06 from Daylen Hughes re status. (mcl, COURT STAFF) (Filed on 1/3/2007) (Entered: 01/24/2007) |
| 01/18/2007 | 1 | PETITION for Writ of Habeas Corpus. No Process. Filed byDaylen Jason Hughes. (mcl, COURT STAFF) (Filed on 1/18/2007) (Entered: 01/19/2007) |
| 01/18/2007 | 2 | MOTION for Leave to Proceed in forma pauperis filed by Daylen Jason Hughes. (mcl, COURT STAFF) (Filed on 1/18/2007) (Entered: 01/19/2007) |
| 01/18/2007 | 3 | CLERK'S NOTICE re completion of In Forma Pauperis affidavit or payment of filing fee due within 30 days. (mcl, COURT STAFF) (Filed on 1/18/2007) (Entered: 01/19/2007) |

| 01/24/2007 | 5 | ORDER OF DISMISSAL by Judge Charles R. Breyer and Order finding as moot 2 Motion for Leave to Proceed in forma pauperis (Attachments: # 1 Certificate of Service) (be, COURT STAFF) (Filed on 1/24/2007) (Entered: 01/26/2007) |
| 01/24/2007 | 6 | CLERK'S JUDGMENT in favor of respondent against petitioner (Attachments: # 1 Certificate of Service)(be, COURT STAFF) (Filed on 1/24/2007) (Entered: 01/26/2007) |
| 01/31/2007 | 7 | Letter dated 1/25/07 from Daylen Hughes re ifp application. (mcl, COURT STAFF) (Filed on 1/31/2007) (Entered: 01/31/2007) |
| 02/07/2007 | 8 | Letter dated from Daylen J. Hughes re filing of petition. (mcl, COURT STAFF) (Filed on 2/7/2007) (Entered: 02/07/2007) |
| 03/01/2007 | 9 | Letter dated 1/30/07 from Daylen J. Hughes re dismissal. (mcl, COURT STAFF) (Filed on 3/1/2007) (Entered: 03/01/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/28/2008 15:33:32 | | | |
| **PACER Login:** | dj0082 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:07-cv-00349-CRB |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |