1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GERALD A. ENGLER
Senior Assistant Attorney General
4 | PEGGY S. RUFFRA
Supervising Deputy Attorney General
5 | JILL M. THAYER, State Bar No. 166428
Deputy Attorney General
6 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7 | Telephone: (415) 703-5954
Fax: (415) 703-1234
8 | Email: Jill.Thayer@doj.ca.gov

9 | Attorneys for Respondent

10

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 | SAN FRANCISCO DIVISION

14

**DAYLEN JASON HUGHES,**                                        C 07-4442 CRB (PR)

15

Petitioner,                    **REPLY TO OPPOSITION TO**
16                                                              **MOTION TO DISMISS**
                                                               **HABEAS CORPUS PETITION**
17 | v.                                                         **AS UNTIMELY**

**DERRAL ADAMS, Warden,**
18

Respondent.
19

20 | **ARGUMENT**

21 | Petitioner requests this Court to excuse his 14 and one-half month delay in filing his

22 | federal petition for writ of habeas corpus because he was placed in administrative segregation

23 | ("Ad-Seg") for eight or nine months; he was transferred to another prison, where he was placed

24 | in the segregated housing unit ("SHU") for over three months; he did not have access to all of

25 | his legal materials while in Ad-Seg and still has not received all of his property; and he had

26 | inadequate access to the law library while in the SHU. Since petitioner did not diligently pursue

27 | his claims, and his circumstances are not extraordinary, he has failed to establish that his case

28 | warrants equitable tolling.

Reply to Oppo. to Motion to Dismiss Habeas Corpus Pet. as Untimely                Hughes v. Adams, Warden
                                                                                  C 07-4442 CRB (PR)

1    Assuming that AEDPA's statute of limitations may be equitably tolled, it is available

2  "only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a

3  petition on time.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005),

4  quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "Generally, a litigant seeking

5  equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his

6  rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v.*

7  *DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner must show that the extraordinary

8  circumstances caused the untimeliness. *Spitsyn v. Moore*, 345 F.3d at 799.

9    Petitioner contends his placement in Ad-Seg at Pleasant Valley State Prison in July or

10  August of 2005 until his release from SHU at Corcoran State Prison on June 28, 2006 was an

11  extraordinary circumstance preventing him from timely filing his federal petition. Resp. to Opp.

12  at 2. "Transfers between prison facilities, solitary confinement, lockdowns, restricted access to

13  the law library and an inability to secure court documents do not qualify as extraordinary

14  circumstances." *Lindo v. LeFever*, 193 F.Supp.2d 659, 663 (E.D.N.Y. 2002.) To the extent

15  petitioner caused his own placement in Ad-Seg or SHU, the placements were not circumstances

16  beyond his control. *Espinoza-Matthews v. California*, 432 F.3d at 1026. In *Espinoza-Matthews*,

17  the petitioner was placed in Ad-Seg for his own protection after another prisoner assaulted and

18  slashed him. *Id.* at 1023 & 1028 n. 7.

19    Moreover, petitioner has failed to demonstrate that he pursued his claims diligently

20  when he was not in Ad-Seg or the SHU. The obligation to act diligently does not pertain solely

21  to the filing of the federal habeas petition, but exists during the period the petitioner is

22  exhausting state remedies as well. *Roy v. Lampert*, 465 F.3d 964, 972 (9th Cir. 2006). Petitioner

23  had four or five months between the denial of his petition for review of the direct appeal in the

24  California Supreme Court on March 16, 2005, and his placement in Ad-Seg in July or August of

25  2005. *Cf. id.* (petitioners diligently pursued claims before external impediment existed). After

26  petitioner was released from SHU in Corcoran on June 28, 2006, he waited three months to file

27  his state habeas petition in the California Supreme Court. The petition was pending for seven

28  months. After the California Supreme Court denied the petition, petitioner waited another three

Reply to Oppo. to Motion to Dismiss Habeas Corpus Pet. as Untimely                    Hughes v. Adams, Warden
                                                                                     C 07-4442 CRB (PR)

1   months to file the instant petition.  The petitioner in *Pace v. DiGuglielmo*, 544 U.S. at 418-19,

2   failed to demonstrate the requisite diligence because he not only waited years before seeking

3   postconviction relief, he then waited five months after finality of his postconviction proceedings

4   before seeking relief in federal court.

5          Petitioner contends that when he was placed in Ad-Seg at Pleasant Valley State Prison,

6   his personal property and *some* legal documents were missing, and he was not given access to *all*

7   of his legal materials.  Resp. to Opp. at 2.  He adds that he still has not received all of his

8   property.  Resp. to Opp. at 3.  Petitioner fails to describe what legal materials he had and what

9   legal materials were missing, or explain what claims the missing legal materials prevented him

10  from raising and how he was prevented from raising them.  Since all the claims petitioner raised

11  in the petition—he received ineffective assistance of defense and appellate counsel because there

12  was insufficient evidence of his crime, he did not receive *Miranda* warnings, and the trial court

13  erred in denying his motion to withdraw his plea—involve facts and issues petitioner has known

14  since his conviction, the lack of some legal materials did not prevent timely filing.  *United States*

15  *v. Battles*, 362 F.3d 1195, 1198 n. 5 (9th Cir. 2004) (issues in petition may show lack of

16  transcript did not actually delay filing of petition).

17         In any event, petitioner was able to file a state petition and the instant petition although

18  he claims he still has not received all of his property.  Delay in obtaining a transcript does not

19  justify tolling where the transcript is not necessary to file the petition.  *Donovan v. Maine*, 276

20  F.3d 87, 94 (1st Cir. 2002).  In *Gassler v. Bruton*, 255 F.3d 492, 495 (5th Cir. 2001), a six-month

21  delay in obtaining the trial transcript was not a basis for equitable tolling where the petitioner

22  waited five months longer to seek post-conviction relief in state court, the transcripts were not

23  necessary to filing, and the petitioner failed to explain what claims he was unable to make

24  without a complete transcript.

25         The appeal form attached to petitioner's response demonstrates that he did not

26  diligently seek the legal materials that had allegedly been missing since his placement in Ad-Seg

27  in July or August of 2005.  The form states that petitioner complained that on April 21, 2006, he

28  received little of his property, after petitioner was in the SHU at Corcoran.  Resp. to Opp., Ex. A

Reply to Oppo. to Motion to Dismiss Habeas Corpus Pet. as Untimely                Hughes v. Adams, Warden
                                                                                  C 07-4442 CRB (PR)

1   at 1.  The appeal form shows petitioner never complained that his legal materials were not

2   provided.  *Cf. Espinoza-Matthews*, 432 F.3d at 1027-28 (petitioner diligently attempted to obtain

3   legal material while in Ad-Seg).  Petitioner complained that he was not able sort through his

4   property and choose what incoming mail, photographs, or magazines he could keep, and that he

5   was required to pay the postage to mail his remaining property home.  Resp. to Opp., Ex. A.at 1-

6   2, & Attachment E.  Petitioner stated that he received two bags, including a television.  Resp. to

7   Opp., Ex. A at 2.  Petitioner's failure to seek his legal materials demonstrates a lack of diligence

8   inconsistent with equitable tolling.  The attachment also indicates that petitioner's property was

9   not missing until his transfer to Corcoran.

10      Petitioner contends he had inadequate access to the law library while in the SHU at

11  Corcoran, although he concedes he went to the law library "at least twice while housed in

12  Corcoran (SHU)."  Resp. to Opp. at 3.  Restricted access to the law library is not an

13  extraordinary circumstance justifying equitable tolling.  *Lindo v. LeFever*, 193 F.Supp.2d at 663.

14  "[T]he Constitution does not require that prisoners (literate or illiterate) be able to conduct

15  generalized research, but only that they be able to present their grievances to the courts."  *Lewis*

16  *v. Casey*, 518 U.S. 343, 360 (1996).  Notably, petitioner was in the SHU at Corcoran only three

17  and a half months, and actually went to the law library at least twice during that period.  Resp. to

18  Opp. at 2. Petitioner's restricted access to the law library for a three and a half month period does

19  not warrant equitable tolling.

20

21

22

23

24

25

26

27

28

Reply to Oppo. to Motion to Dismiss Habeas Corpus Pet. as Untimely                    Hughes v. Adams, Warden
                                                                                      C 07-4442 CRB (PR)

1

**CONCLUSION**

2          Accordingly, respondent respectfully requests that this Court dismiss the petition for writ

3   of habeas corpus with prejudice.

4          Dated:  April 22, 2008

5                              Respectfully submitted,

6                              EDMUND G. BROWN JR.
                               Attorney General of the State of California

7                              DANE R. GILLETTE
                               Chief Assistant Attorney General

8
                               GERALD A. ENGLER
9                              Senior Assistant Attorney General

                               PEGGY S. RUFFRA
10                             Supervising Deputy Attorney General

11

12
                               /s/ Jill M. Thayer
13                             JILL M. THAYER
                               Deputy Attorney General
14                             Attorneys for Respondent

15

16   40241036.wpd
     SF2008400097
17

18

19

20

21

22

23

24

25

26

27

28

Reply to Oppo. to Motion to Dismiss Habeas Corpus Pet. as Untimely                    Hughes v. Adams, Warden
                                                                                      C 07-4442 CRB (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Hughes v. Adams, Warden**

No.:   **C 07-4442 CRB (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004.

On April 22, 2008, I served the attached

**REPLY TO OPPOSITION TO MOTION TO DISMISS HABEAS CORPUS PETITION AS UNTIMELY**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Daylen Jason Hughes
V22456
3C05 #103 Low
P.O. Box 8800
Corcoran, CA  93212

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 22, 2008, at San Francisco, California.

|                           |                           |
|:-------------------------:|:-------------------------:|
| M. Argarin                | /s/ M. Argarin            |
| Declarant                 | Signature                 |

40242281.wpd